IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NORTHERN FOOD I/E, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| LAM SHENG KEE (USA) ENTERPRISE CORP. | ) | **Verified Complaint** |
| S & M INTERNATIONAL INC., | ) | |
| WIN LUCK TRADING INC., and | ) | |
| QIU YONG (a.k.a.  Xiao Lin) | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Northern Food I/E, Inc. ("Northern Food" or "Plaintiff") hereby files this

Complaint on personal knowledge as to its activities and on information and belief as to the

activities of others:

## INTRODUCTION

Northern Food is a wholesale distributor of food products to Asian supermarkets

throughout the United States.  The subject matter of this lawsuit is four trademarks that Northern

Food has registered with the U.S. Patent and Trademark Office (the "USPTO").  Defendants

Lam Sheng Key (USA) Enterprise Corp., S & M International Inc., and Win Luck Trading Inc.,

are in the wholesale food business, are owned and managed by the same individual, named Qiu

Yong, and operate out of the same location (collectively, the three companies and Mr. Qiu Long

shall be referred to as "Defendants").  Defendants are marketing food products that directly

infringe on Northern Food's trademarks.  Defendant has a history of copying Plaintiff's products.

## THE PARTIES

1

1.  Plaintiff Northern Food I/E, Inc. is a corporation organized and existing under the laws of New York State and has a principal place of business at 117 State Street, Westbury, New York 11590.

2.  Defendant S & M International Inc. ("S & M Int'l") is a New Jersey corporation and has a principal place of business at 100 Pulaski Street, Bayonne, New Jersey 07002.

3.  Defendant Win Luck Trading Inc. ("Win Luck") is a New Jersey corporation and has a principal place of business at 100 Pulaski Street, Bayonne, New Jersey 07002.

4.  Defendant Lam Sheng Key (USA) Corp. is a corporation and has a principal place of business at 100 Pulaski Street, Bayonne, New Jersey 07002.

5.  Upon information and belief, Mr. Qiu Long, also known as "Xiao Lin," is the majority shareholder and chief executive office of the three defendant companies.

## JURISDICTION AND VENUE

6.  This is a complaint for trademark infringement and unfair competition under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (the "Lanham Act") and for New York common law trademark infringement and unfair competition.

7.  This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121.  This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

8.  Defendants sell food products that infringe on Plaintiff's trademarks to supermarkets in Brooklyn and Queens, New York and to supermarkets and others in the food business throughout the United States.

9.  Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims hereinafter set forth occurred.

## BACKGROUND FACTS

### Northern Food's Trademarks

10.  Northern Food was founded in 2005.  Northern Food sells high quality food products to Asian supermarkets throughout the United States.

11.  Northern Food is the owner of the entire right, title, and interest in and to, among other things, the following federally-registered trademarks:

> a. REGISTRATION NUMBER: 4,387,485
> Description: Five vertical Chinese characters written in a stylized font.
> Trademark: 兰州鲜拉面
> Transliteration: "Lan Zhou Xian La Mian"
> Translation: "Lanzhou Fresh Hand-pulled Noodle"
> Goods: Asian noodles, Chinese noodles, and noodles.
> Note: Lanzhou is a city in China.
>
> b. REGISTRATION NUMBER: 4,040,834
> Description: Five Chinese characters in row written in a stylized font.
> Trademark: 上海阳春面
> Transliteration: "Shang Hai Yang Chun Mian"
> Translation: "Shanghai Sunny Spring Noodle"
> Goods: Asian noodles, Chinese noodles, noodles, and pasta.
> Note: Shanghai is a city in China.
>
> c. REGISTRATION NUMBER: 4,348,383
> Description: Five vertical Chinese characters written in a stylized font.
> Trademark: 山西刀削面
> Transliteration: "Shan Xi Dao Xue Mian"
> Translation: "Shanxi Knife Cut Noodle"
> Goods: Asian noodles, Chinese noodles, and noodles.
> Note: Shanxi is a province of China.
>
> d. REGISTRATION NUMBER: 4,387,486
> Description: Five vertical Chinese characters written in a stylized font.
> Trademark: 老婆手擀面
> Transliteration: "Lao Puo Shou Gan Mian"
> Translation: "Wife's Hand-rolled Noodle"
> Goods: Asian noodles, Chinese noodles, and noodles.

12. Attached to this Complaint as Exhibit A are true copies of printouts from the USPTO website evidencing Plaintiff's ownership of these trademarks. All of the registrations in Exhibit A are valid, subsisting, unrevoked, and uncancelled. Plaintiff also owns common law rights in these and other marks for use in connection with food products. These registered and common law trademarks are collectively referred to as the "Northern Food Trademarks." Attached to this Complaint as Exhibit B are true copies of pictures of Plaintiff's packaging with the Northern Food Trademarks.

13. Plaintiff began selling the "Lan Zhou Xian La Mian" brand of noodles in January 2007. Plaintiff created this unique design and name that has become well-known and popular in the Chinese community. Upon information and belief, Defendants introduced their own "Lan Zhou Xian La Mian" brand of noodles in or about the middle of year 2013. Defendants' mark is confusingly similar to Plaintiff's because they use the same five Chinese characters in the same vertical order.

14. The owner of Plaintiff began selling the "Shang Hai Yang Chun Mian" brand of noodles in August 2004, one year before he founded Northern Food. Plaintiff created this unique design and name that has become well-known and popular in the Chinese community. Upon information and belief, Defendants introduced their own "Shang Hai Yang Chun Mian" brand of noodles in the year 2012. Defendants' mark is confusingly similar to Plaintiff's because they use the same five Chinese characters in the same vertical order.

15. Plaintiff began selling the "Shan Xi Dao Xue Mian" brand of noodles in January 2007. Plaintiff created this unique design and name that has become well-known and popular in the Chinese community. Upon information and belief, Defendants introduced their own "Shan Xi Dao Xue Mian" brand of noodles in or about the middle of year 2013. Defendants' mark is

4

confusingly similar to Plaintiff's because they use the same five Chinese characters in the same vertical order.

16.   Plaintiff began selling the "Lao Puo Shou Gan Mian" brand of noodles in January 2007.  Plaintiff created this unique design and name that has become well-known and popular in the Chinese community.  Upon information and belief, Defendants' began selling its own "Zhong Hua Shou Gan Mian" brand of noodles in or about the middle of year 2013.  The first two characters of Defendants' brand "Zhong Hua," (meaning "China") differ from the first two of Plaintiff's, which are "Lao Pou" (meaning "Wife").  However, the important characters "Shou Gan," meaning "Hand Rolled," are the same and the five Chinese characters are in the same vertical order, making the two marks confusingly similar.

17.   Plaintiff imports its noodles from a reputable manufacturer in China.  Plaintiff's manufacturer also supplies Walmart and Carrefour supermarkets in China.

18.   Plaintiff has spent a lot of money advertising and promoting its products.  Plaintiff advertises in the Chinese-American media throughout the United States, including on television, on the radio, and in newspapers.  Because of Plaintiff's extensive advertising, Northern Food's products have become popular with Chinese consumers in the United States.

**Defendants' Conduct**

19.   Defendants import, package, offer for sale, sell, and distribute a directly competing line of noodles under knock-offs of Northern Food's Trademarks (the "Infringing Trademarks").  Attached to this Complaint as Exhibit C are true copies of pictures of Defendants' packaging with the Infringing Trademarks.

20.  The Infringing Trademarks are confusingly similar to Northern Food's Trademarks in that they use the same five Chinese characters (except in the case of "Lao Puo") and the same design.  The trademarked design consists of five Chinese characters in vertical order.  On its packaging, Plaintiff also puts colored circles around the first two characters.  Defendants copy Plaintiff's packaging.  Not only do Defendants use trademarked design, but also they add colored circles around the first two characters.

21.  Defendants' noodles are produced by a manufacturer that is less reputable than Plaintiff's.  Defendants' noodles are inferior in quality to Plaintiff's.  Upon information and belief, Defendants' salespeople are telling supermarkets that their products are made by the same manufacturer as Plaintiff's.  Defendants' sale of inferior products under the Infringing Trademarks damages Plaintiff's reputation for high quality.

22.  Defendants presently offer directly competing noodles bearing the Infringing Trademarks (the "Infringing Noodles").  Defendants sell the Infringing Noodles to at least seven of Plaintiff's customers in the New York City metropolitan area and to many of Plaintiff's customers outside the New York area.

23.  Defendants sell these knock-off noodles at prices up to 40% below Plaintiff's prices.

24.  Defendants continue to sell the Infringing Noodles even after receiving cease and desist letters, dated December 18, 2013, from Plaintiff's attorney.  Attached to this Complaint as Exhibit D are true copies of Plaintiff's cease and desist letters.

24.  Defendants have knowingly promoted, offered for sale, sold, and distributed the Infringing Products in interstate commerce, including commerce in New York State and in this judicial district.

25.  Plaintiff has not authorized Defendants to market, sell, or distribute products bearing the Northern Food Trademarks.

26.  Upon information and belief, Defendants' are using the Infringing Trademarks to mislead, deceive, and draw customers to the Infringing Products and away from Plaintiff's authentic products.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement (15 U.S.C. § 1114)

27.  Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

28.  The Northern Food Trademarks and the goodwill associated with them in the Chinese-American community are of great and significant value, are highly distinctive, and have become associated in the public mind with food products of high quality and reputation finding their source in Northern Food.

29.  Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's reputation in the Chinese community and prior rights in the Northern Food Trademarks, Defendants' have intentionally and knowingly imported, marketed, sold, and distributed the Infringing Noodles to the consuming public in direct competition with Plaintiff's sale of genuine noodles, in or affecting interstate commerce.

30.  Defendants' use of the Infringing Trademarks in likely to cause and is causing confusion, mistake, and deception among Asian consumers as to the origin of Defendants' Infringing Noodles, and is likely to deceive the public into believing the Infringing Noodles sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment of Northern Food's reputation, goodwill, and sales.

31.  Defendants' use of the Infringing Trademarks to import, market, sell, and distribute the Infringing Noodles to the consuming public was done with willful intent to trade on Plaintiff's reputation or to infringe on the Northern Food Trademarks.

32.  Plaintiff does not have an adequate remedy at law, and if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

33.  As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained by proof.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin – 15 U.S.C. § 1125(a)

34.  Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as if fully set forth herein.

35.  The Infringing Noodles are of the same general nature and type as Plaintiff's noodles; as such, Defendants use of the Infringing Trademarks is likely to cause confusion among the general purchasing public.

36.  By misappropriating and using the Northern Food Trademarks, Defendants misrepresent and falsely describe to the general public the origin and source of Defendants' Infringing Noodles and create a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such products.

37.  Defendants' unlawful, unauthorized, and unlicensed marketing, selling, and distribution of the Infringing Noodles creates express and implied misrepresentations that the Infringing Noodles were created, authorized, or approved by Plaintiff, all to Defendants' profit and Plaintiff's great damage and injury.

38.   Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that defendants' use of the Northern Food Trademarks, in connection with the Infringing Noodles, in interstate commerce constitutes false designation of origin and unfair competition.

39.   Plaintiff has no adequate remedy at law.  If Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

40.   As a result of Defendants' activities, Plaintiff has been damaged in an amount to be ascertained by proof.

## THIRD CLAIM FOR RELIEF

### Trademark Infringement Under New York Common Law

41.   Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as fully set forth herein.

42.   As a result of Plaintiff's hard work and investments in creating, providing, and promoting Northern Food's products, Northern Food has built-up valuable goodwill in the Northern Food Trademarks.  As such, the Northern Food Trademarks have become associated with Northern Food's products, and have come to symbolize the reputation for quality and excellence of Northern Food products.

43.   Defendants' unauthorized use of the Northern Food Trademarks is likely to and does permit Defendants to pass off their Infringing Noodles to the general public to the detriment of Plaintiff and the unjust enrichment of Defendants.  Such acts by Defendants have caused and continue to cause confusion as to the source of the Infringing Products.

44.   Defendants' acts constitute willful infringement of Plaintiff's exclusive rights in the Northern Food Trademarks, in violation of state common law.

45.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable trademarks in the amount to be ascertained by proof.

46.  Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of the Infringing Noodles unless this Court enjoins Defendants from such fraudulent business practices.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition In Violation of the New York Common Law

47.  Plaintiff hereby realleges and incorporates by reference the preceding allegations of this Complaint as fully set forth herein.

48.  As a result of Plaintiff's hard work and investments in creating, providing, and promoting Northern Food's products, Northern Food has built-up valuable goodwill in the Northern Food Trademarks.  As such, the Northern Food Trademarks have become associated with Northern Food's products, and have come to symbolize the reputation for quality and excellence of Northern Food products.

49.  Defendants, with full knowledge of the recognition of the Northern Food Trademarks, intended to and did trade on the goodwill associated with the Northern Food Trademarks.

50.  Defendants' acts have misled and continue to mislead and deceive the public as to the source of the Infringing Noodles and falsely suggest a connection with Plaintiff.  Therefore, Defendants have committed unfair competition in violation of state common law.

51.  As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damage to its valuable trademarks in the amount to be ascertained by proof.

52.  Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendants' sale of the Infringing Noodles unless this Court enjoins Defendants from such fraudulent business practices.

## PRAYER FOR RELIEF

Wherefore, Northern Food respectfully requests entry of judgment in its favor and against Defendants on all of the above causes of action as follows:

1.    That this Court preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with any of them:

a. From using in any manner the Northern Food Trademarks, or any other designation that is confusingly similar to any of the Northern Food Trademarks, including, but not limited to the Infringing Trademarks, in connection with the marketing, advertising, selling, or distribution of any product not Plaintiff's or not licensed by Plaintiff.

b. From passing off, inducing, or enabling others to sell or pass off, any product as and for products produced by Plaintiff or produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the Northern Food Trademarks.

c. From committing any acts calculated to cause purchasers to believe that the Infringing Noodles are produced or sold under the control and supervision of Plaintiff, or are approved by, or connected with, or guaranteed by Plaintiff.

d. From infringing the Northern Food Trademarks and damaging Plaintiff's goodwill.

e. From otherwise competing unfairly with Plaintiff in any manner; and

f. From conspiring with, aiding, assisting, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

2.      That this Court enter a judgment finding that Defendants have infringed, and willfully infringed, the Northern Food Trademarks.

3.      That this Court enter a judgment finding that Defendants' use of the Infringing Noodles have caused or are likely to cause confusion among the general purchasing public as to the source of origin of the Infringing Noodles.

4.      That this Court order Defendants to deliver up for destruction or show proof of destruction of any and all packages, advertisements, publications, labels, and any other materials in their possession, custody, or control that depict or reference the trademarks covered by this Court's judgment.

5.      That this Court order Defendants to file with this Court and to serve upon Plaintiff a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with any injunction resulting from this matter within thirty days after service of such injunction.

6.      That this Court award Plaintiff such damages, compensatory and otherwise, in the amount of $1,000,000.00 or to be ascertained by proof.

7.      That this Court award Plaintiff its reasonable attorneys'' fees and costs incurred in connection with this action.

8.      That this Court grant such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

Dated: January 21, 2014

Respectfully submitted,

Kevin Kerveng Tung, P.C.
*Attorneys for Plaintiff*
*Northern Food I/E Inc.*

*/s/Kevin K. Tung*  
 Kevin K. Tung, Esq.  
 ktung@kktlawfirm.com  
Queens Crossing Business Center  
136-20 38th Avenue, Suite 3D  
Flushing, New York 11354  
Telephone: 718-939-4633  
Facsimile: 718-939-4468

**VERIFICATION**

The undersigned, President of plaintiff Northern Food I/E, Inc., being duly sworn, says that I am familiar with the contents of the foregoing Complaint and that the facts and allegations therein are true, except so far as they are therein stated to be on information and belief, which I believe them to be true.  All facts and allegations based on the activities of others are based on information and belief, and I believe them to be true.


Northern Food I/E, Inc.
By: Richard Wang, President

Subscribed to and sworn before me this 21 day of January, 2014.


Notary Public

JANET GUSMANOS
Notary Public - State of New York
NO. 01GU5127275
Qualified in Nassau County
My Commission Expires May 23 2017

14

# United States of America
### United States Patent and Trademark Office



**Reg. No. 4,387,485**

**Registered Aug. 20, 2013**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

NORTHERN FOOD I/E INC. (NEW YORK CORPORATION), DBA NORTHERN FOOD
117 STATE ST.
WESTBURY, NY 11590

FOR: ASIAN NOODLES; CHINESE NOODLES; NOODLES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-2-2007; IN COMMERCE 1-2-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE NON-LATIN CHARACTERS THAT TRANSLITERATE TO "LANZHOU" AND "LAMIAN", APART FROM THE MARK AS SHOWN.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "LANZHOU", "XIAN" AND "LAMIAN" AND THIS MEANS "BLUE PLACE, FRESH AND HAND-MADE NOODLE" IN ENGLISH.

THE MARK CONSISTS OF FIVE VERTICAL CHINESE CHARACTERS IN A STYLIZED FONT WHICH TRANSLITERATES TO "LANZHOU, XIAN AND LAMIAN" AND THIS MEANS "BLUE PLACE, FRESH, HAND-MADE NOODLE IN LANZHOU" IN ENGLISH.

THE ENGLISH TRANSLATION OF THE NON-LATIN CHARACTERS IN THE MARK IS "BLUE PLACE, FRESH, HAND-MADE NOODLE IN LANZHOU".

SER. NO. 85-810,127, FILED 12-24-2012.

RICHARD WHITE, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

Exhibit #2

# United States of America
## United States Patent and Trademark Office



老婆手撖面

**Reg. No. 4,387,486**

**Registered Aug. 20, 2013**

**Int. Cl.: 30**

**TRADEMARK**

**PRINCIPAL REGISTER**

NORTHERN FOOD I/E INC. (NEW YORK CORPORATION), DBA NORTHERN FOOD
117 STATE ST.
WESTBURY, NY 11590

FOR: ASIAN NOODLES; CHINESE NOODLES; NOODLES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-2-2007; IN COMMERCE 1-2-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE NON-LATIN CHARACTERS THAT TRANSLITERATE TO "SHOUGAN" AND "MIAN", APART FROM THE MARK AS SHOWN.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "LAOPUO, SHOU-GAN AND MIAN" AND THIS MEANS "WIFE'S HAND-MADE NOODLE" IN ENGLISH.

THE MARK CONSISTS OF FIVE VERTICAL CHINESE CHARACTERS IN A STYLIZED FONT WHICH TRANSLITERATES TO "LAOPUO, SHOUGAN AND MIAN" AND THIS MEANS "WIFE'S HAND-MADE NOODLE" IN ENGLISH.

THE ENGLISH TRANSLATION OF NON-LATIN CHARACTERS IN THE MARK IS "WIFE'S HAND-MADE NOODLE".

SER. NO. 85-810,135, FILED 12-24-2012.

RICHARD WHITE, EXAMINING ATTORNEY

*Teresa Stanek Rea*

Acting Director of the United States Patent and Trademark Office

EXHIBIT M5

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,348,383**

**Registered June 4, 2013**

**Int. Cl.: 30**

**TRADEMARK**

**SUPPLEMENTAL REGISTER**

NORTHERN FOOD I/E INC. (NEW YORK CORPORATION), DBA NORTHERN FOOD, 117 STATE ST.
WESTBURY, NY 11590

FOR: ASIAN NOODLES; CHINESE NOODLES; NOODLES, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-2-2007; IN COMMERCE 1-2-2007.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE NON-LATIN CHARACTER THAT TRANSLITERATES TO "MIAN", APART FROM THE MARK AS SHOWN.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "SHANXI, DAOXUE" AND "MIAN" AND THIS MEANS "SHANXI STYLE KNIFE-CUT NOODLE" IN ENGLISH.

THE MARK CONSISTS OF FIVE VERTICAL CHINESE CHARACTERS IN A STYLIZED FONT WHICH TRANSLITERATES TO "SHANXI, DAOXUE AND MIAN" AND THIS MEANS "SHANXI STYLE KNIFE-CUT NOODLE" IN ENGLISH.

THE ENGLISH TRANSLATION OF THE NON-LATIN CHARACTERS IN THE MARK IS "SHANXI STYLE KNIFE-CUT NOODLE".

SER. NO. 85-810,195, FILED P.R. 12-24-2012; AM. S.R. 4-18-2013.

RICHARD WHITE, EXAMINING ATTORNEY

Acting Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



上海阳春面

**Reg. No. 4,040,834**
**Registered Oct. 18, 2011**

NORTHERN FOOD I/E INC. (NEW YORK CORPORATION)
750 SUMMA AVE.
WESTBURY, NY 11590

**Int. Cl.: 30**

FOR: ASIAN NOODLES; CHINESE NOODLES; NOODLES; PASTA AND NOODLES, IN CLASS 30 (U.S. CL. 46).

**TRADEMARK**

FIRST USE 8-1-2004; IN COMMERCE 8-1-2004.

**PRINCIPAL REGISTER**

OWNER OF U.S. REG. NOS. 3,682,500 AND 3,698,053.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO SHANGHAI YANG,CHUN, MIAN AND THIS MEANS SUNNY AND SPRING NOODLE IN SHANGHAI IN ENGLISH.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE NON-LATIN CHARACTERS WHICH TRANSLITERATE TO "SHANGHAI" AND "MIAN", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF FIVE CHINESE CHARACTERS IN A ROW WRITTEN IN A STYLIZED FONT.

THE ENGLISH TRANSLATION OF THE NON-LATIN CHARACTERS IN THE MARK IS SUNNY AND SPRING NOODLE IN SHANGHAI.

SEC. 2(F).

SER. NO. 85-156,578, FILED 10-19-2010.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

上海阳春面

Shanghai yangchun Noolde
(For Food Service)
N.W. 4R 8oz(1100g)











SLICED NOODLES
(FORFOOD SERVICE)
NET WEIGHT:38.75OZ(1.1KG)

# KEVIN KERVENG TUNG, P.C.

Kevin K. Tung *
Lu He
Wei Sun
Kenji Fukuda
Helen Wu
Shengming Shi
Song Chen
Andrew D. Solomon *

*Also Admitted In New Jersey

*Attorneys at Law*

136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633
Facsimile (718) 939-4468

Ting Ting Xu
 Ge Li
Jia Lei
Zheng Gao
Mengyao Wang

Writer's E-Mail:
asolomon@kktlawfirm.com

December 18, 2013

Via First-Class Mail

S&M Int'l Inc.
100 Pulaski Street
Bayonne, NJ 07002

Re:    Notice of Trademark Infringement

Dear Sir/Madam:

We are attorneys for Northern Food I/E, Inc., a food distributor located in Westbury, New York. Our client has recently learned that you are selling products using two of its trademarks (together, the "Trademarks") in violation of federal law. The marks have been registered with the U.S. Patent and Trademark Office. Copies of the registration certificates have been enclosed for your information.

The two Trademarks are the following:

1. 上海阳春面: this mark consists of five Chinese characters that transliterate to "Shanghai, Yang, Chun, and Mian." I will call this trademark the "SYCM Trademark." The SYCM Trademark registration number is 4040834.

2. 乌笋: this mark consists of two Chinese characters that transliterate to "Wu Sun." I will call this trademark the "WS Trademark." The WS Trademark registration number is 4359456.

Northern Food has been selling noodles under the SYCM and WS brand for many years. These Northern Food brands are highly regarded in the Chinese community and have acquired a secondary meaning in the food industry. Therefore, your use is a violation of our client's rights.

Your continued use of the trademarks SYCM and WS in marketing your goods trades is likely to cause confusion in the marketplace, gives the impression that your products are

somehow associated with Northern Food, and dilutes the value of Northern Food's brands. Northern Food has made a substantial investment in developing its brands.

For the foregoing reasons, we hereby demand that you:

A. immediately cease and desist from using Northern Food's Trademarks or any other confusingly similar mark in your packaging, marketing, advertising, sales, and offers to sell;

B. immediately destroy all packaging and promotional materials that incorporate Northern Food's Trademarks;

C. immediately recall from your customers all of your products that used any of Northern Food's Trademarks; and

D. give us a detailed accounting with respect to the infringing products, including total sales, average sales price per item, average cost of goods sold per item, the names of your customers who have purchased your products using the Trademarks, your remaining inventory of products using the Trademarks, and your existing orders from suppliers of products using the Trademarks.

Please provide us with written assurance by December 27, 2013 that you have taken steps to comply with foregoing demands A, B, and C and with the accounting by January 7, 2014.

Thank you for your attention to this matter.

Very truly yours,

Kevin K. Tung, P.C.

By: Andrew D. Solomn

Andrew D. Solomon

Enclosures

P3

# KEVIN KERVENG TUNG, P.C.

Kevin K. Tung *
Lu He
Wei Sun
Kenji Fukuda
Helen Wu
Andrew D. Solomon *
Song Chen

*Also Admitted In New Jersey

*Attorneys at Law*

136-20 38th Avenue, Suite 3D
Flushing, New York 11354
(718) 939-4633
Facsimile (718) 939-4468

Ting Ting Xu
Shengming Shi
Ge Li
Jia Lei
Zheng Gao
Mengyao Wang

Writer's E-Mail:
asolomon@kktlawfirm.com

December 18, 2013

Via First-Class Mail

Win Luck Trading Inc.
100 Pulaski Street
Bayonne, NJ 07002

Re:    Notice of Trademark Infringement

Dear Sir/Madam:

We are attorneys for Northern Food I/E, Inc., a food distributor located in Westbury, New York. Our client has recently learned that you are selling products using three of its trademarks (collectively, the "Trademarks") in violation of federal law. The marks have been registered with the U.S. Patent and Trademark Office. Copies of the registration certificates have been enclosed for your information.

The three Trademarks are the following:

1. 兰州鲜拉面: this mark consists of five Chinese characters that transliterate to "Lanzhou, Xian, and Lamian." I will call this trademark the "LXL Trademark." The LXL Trademark registration number is 4387485.

2. 老婆手擀面: this mark consists of five Chinese characters that transliterate to "Laopuo, Shougan, and Mian." I will call this trademark the"LSM Trademark." The LSM Trademark registration number is 4387486.

3. 山西刀削面: this mark consists of five Chinese characters that transliterate to "Shanxi, Daoxue, and Mian." I will call this trademark the "SDM Trademark." The SDM Trademark registration number is 4348383.

Northern Food has been selling noodles under the LXL, LSM, and SDM brand names for many years. The LXL, LSM, and SDM brand names are highly regarded in the Chinese

community and have acquired a secondary meaning in the food industry.  Therefore, your use is a violation of our client's rights.

Your continued use of the LXL and SDM trademarks and of words similar to the LSM Trademark is likely to cause confusion in the marketplace, gives the impression that your products are somehow associated with Northern Food, and dilutes the value of Northern Food's brands.  Northern Food has made a substantial investment in developing its brands.

For the foregoing reasons, we hereby demand that you:

A.  immediately cease and desist from using Northern Food's Trademarks or any other confusingly similar mark in your packaging, marketing, advertising, sales, and offers to sell;

B.  immediately destroy all packaging and promotional materials that incorporate Northern Food's Trademarks;

C.  immediately recall from your customers all of your products that used any of Northern Food's Trademarks; and

D.  give us a detailed accounting with respect to the infringing products, including total sales, average sales price per item, average cost of goods sold per item, the names of your customers who have purchased your products using the Trademarks, your remaining inventory of products using the Trademarks, and your existing orders from suppliers of products using the Trademarks.

Please provide us with written assurance by December 27, 2013 that you have taken steps to comply with foregoing demands A, B, and C and with the accounting by January 7, 2014.

Thank you for your attention to this matter.

Very truly yours,

Kevin K. Tung, P.C.

By: _Andrew D. Solomon_
Andrew D. Solomon

Enclosures