**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NORTHERN FOOD I/E, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | Civil Action |
| | : | Case No.: 1:14-CV-00811 (WFK)(JO) |
| LAM SHENG KEE (USA) ENTERPRISE | : | |
| CORP., S&M INTERNATIONAL INC., | : | |
| WIN LUCK TRADING INC. and | : | |
| QIU YONG (a.k.a. Xiao Lin) | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Lam Sheng Kee (USA) Enterprise Corp., S&M International Inc., Win Luck Trading Inc. and Qui Yong (a.k.a. Xiao Lin) (collectively "Defendants" or "Counterclaim Plaintiffs") hereby answer the complaint, assert affirmative defenses and counterclaims, as follows:

### INTRODUCTION

Denied.  To the extent plaintiff has attempted to characterize its complaint, the allegations set forth in the introduction paragraph are specifically denied.

### THE PARTIES

1.      Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

2.      Admitted.

3.      Admitted.

4.      Denied as stated.  Lam Sheng Kee (USA) Enterprise Corporation is a New Jersey corporation with a principal place of business at 100 Pulaski Street, Bayonne, NJ  07002.

5.      Denied as stated.  Sheng Lin is or was a principal of the three corporate defendants.

## JURISDICTION AND VENUE

6.      This paragraph contains no factual allegations and requires no response.  To the extent it may be construed to contain factual allegations, denied.

7.      This paragraph contains no factual allegations and requires no response.  To the extent it may be construed to contain factual allegations, denied.

8.      Denied.

9.      This paragraph contains no factual allegations and requires no response.  To the extent it may be construed to contain factual allegations, denied.

## BACKGROUND FACTS

10.      Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

11.      Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.  By way of further response, the trademarks asserted by Northern Food in this action are the subject to cancellation proceedings currently pending before the United States Patent and Trademark Office, Trademark Trial and Appeal Board, under consolidated Cancellation No. 92058825 (Parent).  Pursuant to the Order of Court dated March 6, 2015, all of plaintiff's claims in so far as they are based on United States Trademark Registration Number 4,387,486 are dismissed.

12.      Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.  By way of further response, the trademarks asserted by Northern Food in this action are the subject to cancellation proceedings currently

pending before the United States Patent and Trademark Office, Trademark Trial and Appeal Board, under consolidated Cancellation No. 92058825 (Parent).  Pursuant to the Order of Court dated March 6, 2015, all of plaintiff's claims in so far as they are based on United States Trademark Registration Number 4,387,486 are dismissed.

13.     Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

14.     Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

15.     Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

16.     Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.  Pursuant to the Order of Court dated March 6, 2015, all of plaintiff's claims in so far as they are based on United States Trademark Registration Number 4,387,486 are dismissed.

17.     Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

18.     Defendants do have not sufficient knowledge or information to admit or deny the allegations of this paragraph, and therefore deny.

**Defendant's Conduct**

19.     Defendants admit they sell noodles.  The remaining allegations are denied.

20.     Denied.

21.     Denied.

22.     Denied.  Defendants do have not sufficient knowledge or information to admit or

3

deny the allegations of this paragraph, and therefore deny.

     23.     Denied.

     24.     Defendants admit they sell noodles in interstate commerce.  The remaining allegations are denied.

     25.     Denied.

     26.     Denied.

## FIRST CLAIM FOR RELIEF

## Trademark Infringement (15 U.S.C. § 1114)

     27.     Defendants incorporate their responses to paragraphs 1-26 as if fully set forth herein.

     28.     Denied.

     29.     Denied.

     30.     Denied.

     31.     Denied.

     32.     Denied.

     33.     Denied.

## SECOND CLAIM FOR RELIEF

## False Designation of Origin – 15 U.S.C. § 1125(a)

     34.     Defendants incorporate their responses to paragraphs 1-33 as if fully set forth herein.

     35.     Denied.

     36.     Denied.

     37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

## THIRD CLAIM FOR RELIEF

### Trademark Infringement Under New York Common Law

41.     Defendants incorporate their responses to paragraphs 1-40 as if fully set forth herein.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition In Violation of the New York Common Law

47.     Defendants incorporate their responses to paragraphs 1-46 as if fully set forth herein.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

Defendants deny they are liable to Plaintiff for any amount or that Plaintiff is entitled to

any relief whatsoever.  Defendants request that this Court dismiss Plaintiff's complaint with prejudice and request the Court award Defendants their attorney fees, costs and any and all such relief to which they may be entitled.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief may be granted.

2. Plaintiff's marks are invalid as generic.

3. Plaintiff's marks are invalid as descriptive.

4. Plaintiff's marks are invalid as geographically descriptive.

5. Plaintiff's marks are invalid as geographically misdescriptive.

6. Plaintiff's Trademark Registration Number 4,387,485 is invalid as it was obtained by fraud.

7. Plaintiff's Trademark Registration Number 4,348,383 is invalid as it was obtained by fraud.

8. Plaintiff's Trademark Registration Number 4,040,834 is invalid as it was obtained by fraud.

9. Plaintiff's claims are barred as Plaintiff cannot demonstrate likelihood of confusion.

10. Plaintiff's common law claims are preempted by federal law.

11. Plaintiff's Trademark Registration No. 4,387,485 is invalid and should be cancelled.

12. Plaintiff's Trademark Registration No. 4,040,834 is invalid and should be cancelled.

13.     Plaintiff's Trademark Registration No. 4,348,383 is invalid and should be cancelled.

14.     Plaintiff's Trademark Registration No. 4,387,486 is invalid and should be cancelled.

15.     Defendants developed all products, trade dress and trade names in good faith with reasonable belief that their use was proper.

16.     Plaintiff has suffered no damages proximately caused by defendants as a result of the matters raised in the complaint.

17.     Defendants reserve the right to assert and pursue additional affirmative defenses.


## COUNTERCLAIMS

For their counterclaims against Northern Food I/E Inc., Win Luck Trading Inc. and Lam Sheng Kee (USA) Enterprise Corp. hereby allege as follows:

1.     Win Luck Trading Inc. and Lam Sheng Kee (USA) Enterprise Corp. ("Win Luck" or "Counterclaim Plaintiffs") are New Jersey corporations with an address of 100 Pulaski Street, Bayonne, NJ 07002, United States.

2.      Northern Food I/E Inc. ("Northern Food") is a New York corporation with a principal place of business at 117 State Street, Westbury, NY 11590, United States.

### Cancellation of Northern Food's Registrations
### Pursuant to 15 U.S.C. §1119 and 1064

3.     Win Luck has been and will be damaged by the Northern Food trademark registrations and hereby files a counterclaim to cancel the registrations.

4.     An actual controversy within this Court's jurisdiction exists with respect to Northern Food's Trademark Registration Nos. 4,387,485, 4,040,834, 4,348,383 and 4,387,486.

5.     This Court has jurisdiction under 15 U.S.C. § 1115 and 15 U.S.C. §1119 over counterclaims seeking cancellation of Northern Food's registered trademarks.  This Court also has supplemental jurisdiction over the counterclaims under 28 U.S.C. § 1367(a) as the counterclaims are so related to plaintiff's claims over which the Court has original jurisdiction that it forms part of the same case or controversy under Article III of the Constitution of the United States of America.

6.     This Court is authorized to cancel Northern Food's registrations under its powers under § 37 of the Lanham Act, 15 U.S.C. §1119.

**Cancellation of U.S. Trademark Registration No. 4,387,485**

7.     United States Trademark Registration 4,387,485 was obtained by fraud.

8.     Northern Food represented to the United States Patent and Trademark Office that the English translation of the mark is  "Blue Place, Fresh, Hand-Made Noodle."

9.     The combination of the first and the second Chinese characters in the mark is the name of a city in China, Lanzhou.

10.    Lanzhou is where a famous Chinese noodle dish first originated.

11.    Northern Food wrongfully translated the mark into "BLUE PLACE" in English.

12.    United States Trademark Registration Number 4,387,485 is generic.

13.    The correct translation of the mark to "Lanzhou Handmade Noodle" is generic and descriptive and should not have been registered on the Principal Register.

14.    Northern Food is not entitled to the exclusive use of this mark as it is highly descriptive and a generic mark.

15.    Win Luck will be damaged if it cannot use a similar mark due to this registration.

16.    It is not in the best interest of the general public to allow registrations of highly

8

descriptive and/or generic marks, such as this one.

17.     Win Luck's damage in being precluded from use of the mark in connection with its goods for which Northern Food has obtained a registration on the Principal Register warrants the cancellation of this registration.

18.     Win Luck requests that United States Trademark Registration No. 4,387,485 be cancelled.

## Cancellation of U.S. Trademark Registration No. 4,040,834

19.     United States Trademark Registration 4,040,834 was obtained by fraud.

20.     Northern Food represented to the United States Patent and Trademark Office the English translation of the mark as "Sunny and spring noodle in Shanghai."

21.     The combination of the five Chinese characters should be translated to the generic name "Shanghai Yangchunmian" instead of the misrepresented translation.

22.      "Yangchunmian" is a type of noodle common in the Shanghai region of China.

23.     Furthermore, the transliteration of the mark should be "Shanghai Yangchunmian" rather than the four separate terms "Shanghai, Yang, Chun, Mian" which Northern Food fraudulently represented to the Trademark office in order to facilitate the prosecution of the mark to its advantage.

24.     The mark is generic.

25.     The mark consists of five (5) non-Latin characters transliterated as "Shanghai Yangchunmian," a generic name of a type of noodle common in the Shanghai region of China and should not be registered on the Principal Register.  Its recipe can be found with countless sources.

26.     The mark is merely descriptive. The non-disclaimed non-Latin characters

transliterate as "Yangchun" are part of the descriptive term "Yangchunmian." The term "Yangchunmian" describes a type of noodle common in the Shanghai region.  All of the characters in the mark are descriptive. Therefore, the mark should not have been registered.

27.     The mark is primarily geographically descriptive.

28.     The term Shanghai is a city in China.

29.     The primary significance of the mark is that of a geographic location.

30.     The mark is geographically deceptively misdescriptive.

31.     The term Shanghai is used by Northern Food to designate the origin of the goods.

32.     The noodles sold by Northern Food are packaged noodles sold in Asian markets in the United States.

33.     The noodles are not made in the city of Shanghai.

34.     Northern Food's intent is to deceive consumers into thinking that the noodles are actually made in Shanghai.

35.     Win Luck will be damaged if it may be precluded from using similar marks due to this registration.

36.     It is not in the best interest of the general public to allow registrations of highly descriptive and/or generic marks, such as this one.

37.     Win Luck's damage in being precluded from use of the mark in connection with its goods for which Northern Food has obtained a registration on the Principal Register warrants the cancellation of this registration.

38.     Win Luck requests that U.S. Trademark Registration No. 4,040,834 be cancelled.

**Cancellation of U.S. Trademark Registration No. 4,348,383**

39.     United States Trademark Registration 4,348,383 was obtained by fraud.

40.     Northern Food represented to the United States Patent and Trademark Office that the English translation of the mark is "Shanxi Style Knife-Cut Noodle."

41.     The combination of the five Chinese characters should be translated to the generic term "Shanxi Noodle" rather than the literal translation.

42.     None of the Chinese characters translates to the word "Style."

43.     The transliteration of the mark should be "Shanxi Daoxiao Mian" rather than "Shanxi Daoxue Mian".

44.     Northern Food fraudulent represented the information to the Trademark office in order facilitate the prosecution of the mark to its advantage.

45.     The mark is generic.

46.     The mark consist of five (5) non-Latin characters transliterated as "Shanxi Daoxiao Mian" which is a generic name of a special type of noodle in China.

47.     Shanxi Noodle is a traditional noodle that serves as a staple in the diet in the region.

48.     The mark is merely descriptive. The non-disclaimed non-Latin characters transliterate as "Shanxi Daoxiao."

49.     Shanxi is a province of China.

50.     "Daoxiao" translates as sliced.

51.     The literal translation of the entire mark should be "sliced noodle of Shanxi."

52.     All of the characters in the mark are descriptive. Therefore, the mark should not have been registered.

53.     The mark is primarily geographically descriptive.

54.     The non-disclaimed term Shanxi is a province in China.

55.     The primary significance of the mark is that of a geographic location.

56.     The mark is geographically deceptively misdescriptive. The non-disclaimed term Shanxi is used by the Northern Food designate the origin of the goods.

57.     The noodles sold by Northern Food are packaged noodles sold in Asian markets in the United States.

58.     The products are not made in the Shanxi region.

59.     Northern Food's intent is to deceive consumers into thinking that the noodles are actually made in Shanxi.

60.     Win Luck will be damaged if it may be precluded from using a similar mark due to this registration.

61.     It is not in the best interest of the general public to allow registrations of highly descriptive and/or generic marks, such as this one.

62.     Win Luck's damage in being precluded from use of the mark in connection with its goods for which Northern Food has obtained a registration on the Supplemental Register warrants the cancellation of this registration.

63.     Win Luck requests that U.S. Trademark Registration No. 4,348,383 be cancelled.

**Cancellation of Trademark Registration No. 4,387,486**

64.     United States Trademark Registration 4,387,486 is generic.

65.     The word "Wife" has been commonly and widely used in  Chinese cuisine and food industry.

66.     For example, Wife Cake is one of the most  famous Chinese desserts.

67.     The word "wife" when used in association with Chinese  cuisine has become generic as a substitute for "homemade."

68.     The mark is merely descriptive.

69.     The non-disclaimed non-Latin characters  "LaoPuo" when used in association with Chinese cuisine has been recognized by the  public to mean homemade.

70.     The literal translation of the entire mark should be  "homemade hand-made noodle."  All characters in the mark are descriptive.  Therefore, the mark should not have been registered.

71.   Win Luck will be damaged if it may be precluded from using a similar mark due to this registration.

72.     It is not in the best interest of the general public to allow registrations of highly  descriptive and/or generic marks, such as this one.

73.     Win Luck's damage in being precluded from use of the mark in connection with i t s  goods for which Northern Food has obtained a registration on the Principal  Register warrants the cancellation of this registration.

74.     Win Luck respectfully requests that U.S. Trademark Registration No. 4,348,383 be  cancelled.

75.     As set forth above, Counterclaim Plaintiffs believe they will be damaged by the continued registration of U.S. Trademark Registrations 4,387,485, 4,040,834, 4,348,383 and 4,387,486 by Northern Food and hereby seek an order cancelling the marks pursuant to § 14 of the Lanham Act, 15 U.S.C. §1064 and 15 U.S.C. §1119.

Wherefore, Counterclaim Plaintiffs Win Luck Trading Inc. and Lam Sheng Kee (USA) Enterprise Corp. seeks judgment as follows:

A.     Dismissal of Plaintiff's Complaint in its entirety with prejudice;

B.     Cancellation of Trademark Registration No. 4,387,485;

C.      Cancellation of Trademark Registration No. 4,040,834;

D.      Cancellation of Trademark Registration No. 4,348,383;

E.      Cancellation of Trademark Registration No. 4,387,486;

F.      That the decrees of cancellations be certified by the Court to the Director

or such other official so designated by the United States Patent and

Trademark Office, who shall make appropriate entry upon the records of

the United States Patent and Trademark Office reflecting the cancellation;

G.      Awarding Counterclaim Plaintiffs costs, disbursements and attorneys' fees

pursuant to 15 U.S.C. § 1117;

H.      Awarding Counterclaim Plaintiffs damages and such other and further

relief as may be just and proper.


Date:  March 24, 2015

                                        Respectfully submitted,

                                        RYDER, LU, MAZZEO & KONIECZNY, LLC

                                        By: /s/ Kao H. Lu                                    
                                        Kao H. Lu
                                        1425 E. Darby Road
                                        Havertown, PA  19083
                                        Telephone:  (610) 446-2563
                                        Email:  klu@ryderlu.com

                                        Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| NORTHERN FOOD I/E, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | |
| | : | Civil Action |
| | : | Case No.: 1:14-CV-00811 (WFK)(JO) |
| LAM SHENG KEE (USA) ENTERPRISE | : | |
| CORP., S&M INTERNATIONAL INC., | : | |
| WIN LUCK TRADING INC. and | : | |
| QIU YONG (a.k.a. Xiao Lin) | : | |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2015, Defendants' Answer, Affirmative Defenses and Counterclaims was served via electronic mail to the following attorneys of record:

Kevin K. Tung, Esq.

ktung@kktlawfinn.com

Queens Crossing Business Center

136-20 38th Avenue, Suite 3D

Flushing, New York 11354

*Attorneys for Plaintiff*

/s/_____